CHASEZ, Judge.
Respondent, Universal Carloading & Distributing Co., Inc., sued Saia Motor Freight Line, Inc., Missouri Pacific Railroad Company, and relator, The Pennsylvania Railroad Company, seeking judgment in solido for $1,935.68 damages to goods shipped from New York to Patterson, Louisiana, claiming to be “conventionally and legally subrogated” to the claim for damages.
Relator is a Pennsylvania corporation, not licensed to do business in Louisiana and not having a registered Louisiana agent for service of process. It has no railroad trackage in Louisiana. It does maintain in Louisiana the typical office for solicitation of passenger and freight business for its lines outside Louisiana.
Service of process was made upon relator’s district sales manager at relator’s Louisiana office.
Relator excepted to the service and to the jurisdiction ratione personae of the Louisiana courts. After hearing on both exceptions the District Court referred both exceptions to the merits, and from those rulings relator applied to this court for writs of certiorari and prohibition. We granted certiorari and a stay order. Thereafter respondent moved to vacate this court’s orders and to dismiss the application for writs on the ground that this court is without supervisory jurisdiction in this case. That motion was referred to the hearing on the writs and the entire matter is now before us.
We have the necessary supervisory jurisdiction. A District Court unquestionably has jurisdiction to decide whether it has jurisdiction and whether its service of process was properly made; and it has exclusive original jurisdiction over matters like the main demand in this case, which is not excepted by LSA-Const. Art. VII, Sec. 10, from our own appellate jurisdiction. We therefore have supervisory jurisdiction, subject to the general supervisory jurisdiction of the Supreme Court, over this matter; La.Const. Art. VII, Sec. 29.
The service of process upon the District sales manager at the Louisiana office of relator was apparently attempted under LSA-C.C.P. Art. 1261:
“If the corporation has failed to designate an agent for service of process * * * service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either * * * (2) By personal service on any employee of suitable age and discretion.”
This article must be construed with LSA-R.S. 13:3471(1), expressly supplementing the Code of Civil Procedure:
“If the foreign corporation is not one required by law to appoint an agent for the service of process, but has engaged in a business activity in this state, service of process in an action or proceeding on a cause of action resulting from such business activity in this state * * * may be made on any employee or agent of the corporation of suitable age and discretion found in the state.”
These two provisions construed together make it clear that the service attempted on the foreign corporation in this case is unauthorized unless either the cause of action results from a business activity by relator in this state, or the relator has engaged in sufficient intrastate business to require a license to do business here.
There is no evidence of any purely intrastate business activity by relator in Louisiana.
And the claim does not arise out of any business activity of relator in this state. Respondent’s petition alleges that the goods were delivered to all three defendants, including relator, in New York “to be carried by one or more” of them to the Louisiana consignee. The evidence *610 shows relator has no trackage in Louisiana. Other pleadings (none of which is relator’s) indicate that the goods were delivered to relator in New York, where relator placed them in a sealed freight car which it transported over its trackage to Illinois; there Missouri Pacific Railroad Company received the sealed car and transported it (allegedly still sealed) to respondent at New Orleans, Louisiana; there respondent, a freight forwarder, delivered the goods (allegedly repackaged) out of the sealed car to Saia Motor Freight Line Inc., who delivered them to the Louisiana consignee. The shipment of the goods was not solicited by or through relator’s Louisiana office, nor did it originate in any way through that office.
Relator’s participation in the subject multi-carrier interstate shipment, and any breach of its contractual or statutory duties, took place entirely outside of Louisiana, and Louisiana courts have no jurisdiction to entertain a claim for any damages resulting from any such breach of duty; W. H. Hodges & Co. v. Pennsylvania R. Co., 171 La. 699, 132 So. 115 (1931).
The writ of certiorari and stay order herein granted are therefore maintained and made pre-emptory; relator’s exceptions to the service of process and the jurisdiction of the court ratione personae are maintained, and accordingly the suit of Universal Carloading & Distributing Co., Inc. against the relator is hereby dismissed.
Writs made absolute.